NEWTON E. WHITESIDE and Others, on their Own Behalf, etc., Appellants, *v.* NOYAC COTTAGE ASSOCIATION, Respondent.

*Members of corporations — remedy within the corporation to be exhausted before application to the courts.*

Members and lotowners of a corporation, organized to purchase and improve land and maintain a club house, cannot, on being notified of an assessment made by the corporation upon its members, purporting to be under its by-laws, maintain an action to remove such assessment as a cloud upon the title to their lots, and to enjoin the corporation from enforcing its payment, without having availed themselves of the right of hearing and defense afforded to them within the corporation, where it does not appear that the corporation has deprived them of their membership or property rights, or that it intends to do so illegally.

APPEAL by the plaintiffs, Newton E. Whiteside and others, on their own behalf, and on behalf of all other lot-owning members of the Noyac Cottage Association, who are willing to become parties plaintiff and contribute to the expense of the suit, from a final judgment of the Supreme Court, entered in the office of the clerk of the city and county of New York on the 5th day of November, 1892, upon a decision of the New York Special Term, dismissing the complaint and vacating a preliminary injunction.

*Eugene D. Hawkins,* for the appellants.

*William C. Reddy,* for the respondent.

PER CURIAM:

This action was brought to remove a cloud upon the title of the plaintiffs to certain lots owned by them as members of the defendant, claimed to have been caused by the lien of an assessment levied

upon them under the by-laws of the defendant, and to enjoin defendant from forfeiting their rights as members by reason of their non-payment of such assessment.

Upon the trial it was shown that the respondent, as a club, was incorporated under chapter 267 of the Laws of 1875 and its amendments, for social and recreative purposes, and that after incorporation it purchased a tract of about forty acres of land on Little Peconic bay, Long Island, and proceeded to improve it, according to the terms of its prospectus, by laying it out in lots, groves, lawn-tennis grounds, lakes and ponds and erecting and maintaining there a club and club house. The plaintiffs purchased some of these lots of land, received deeds therefor, and thereby became members of the defendant. By the express terms of the deeds, the plaintiffs were to have and to hold the premises, "subject to assessments by the managers of the said Noyac Cottage Association to enable the said Association, party of the first part, to meet deficiencies which may arise in defraying its current expenses for maintaining its public grounds, club house, piers, beaches, streets or avenues, and other property, and in the payment of town, county and State taxes." By the by-laws of the defendant, provision is made for the manner in which assessments shall be levied and the mode of enforcement, such by-law in effect providing that the board of managers may levy assessments on each member of the association who owns a lot, of such sum as represents his share of the tax imposed by public authority for that year, and in addition, "may also from time to time make assessments for other purposes upon the members of the Association who are owners of lots as they shall deem necessary; but the amount of such assessments shall not exceed ten per cent of the value of his holding."

Under date of June 19, 1891, the board of managers notified the plaintiffs and the other members of the association that, pursuant to a resolution adopted, an assessment of ten per cent on the purchase price of lots was levied on the members, and accompanying such notice was an explanatory circular, in which the attention of members was called to the fact "that during our three years' existence no assessments or dues have been exacted, but all taxes have been paid and many improvements made on the grounds — all being paid by the Treasurer out of personal funds."

The claim of plaintiffs and of others who· took their position is that such assessment was illegal, exceeding the powers vested in the board of management, in that it was levied to pay, not alone for current expenses, but for permanent improvements, and that with respect to the latter the board of managers had no power to assess for such purposes. Having refused to pay such assessments, and ninety days having elapsed, the managers forwarded to plaintiffs a notice, containing a preamble and resolution adopted by them, which recited the foregoing facts and in the resolution stated :

" *Resolved*, That pursuant to Section 5, Chapter VI., of the By-Laws of this Association, all the rights and membership of said Newton E. Whiteside, and all his right, title and interest in the property of this Association, are hereby declared to cease and deter-mine and revert to this Association, unless said Newton E. Whiteside shall show sufficient cause to the contrary before this Board, at the office of the Secretary, No. 147 Nassau street, on the 28th day of December, 1891, at 3 P. M. o'clock on said day, at which time an opportunity shall be given him to be heard in the matter."

Feeling aggrieved by such action of the board of managers, and without waiting for the time fixed in the notice for the hearing, the plaintiffs brought this action for the relief as stated.

Applying the principles laid down in the case of *Thomas* v. *M. M. P. Union* (121 N. Y. 50), and cases cited, we think that the dis-position made by the learned trial judge was right. The appellants have not availed themselves of their right of hearing and defense within the corporation, *i. e.*, before the managers pursuant to notice, and the respondent has not deprived them of their rights of mem-bership or property rights, nor is it to be assumed that it would illegally do so.

Upon such facts appearing, no such case was presented as would justify the intervention of a court of equity, and the dismissal of the complaint and the vacating of the preliminary injunction were, therefore, proper. For these reasons we think the judgment should be affirmed, with costs.

Present — VAN BRUNT, P. J., and O'BRIEN, J.

· Judgment affirmed, with costs.